**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| JAMES SIDLER, | |
| Plaintiff-Petitioner, | |
| v. | Civil Action No. AW-13-658 |
| GREG SNOWDEN, | |
| Defendant-Respondent. | |

**MEMORANDUM OPINION**

On February 26, 2013, *pro se* Plaintiff-Petitioner James Sidler obtained a Temporary Peace Order against Defendant-Respondent Greg Snowden in the District Court of Maryland for Prince George's County. Doc. No. 3. On March 1, 2013, Snowden removed the action to this Court, and subsequently filed the pending Motion to Dismiss for Lack of Subject Matter Jurisdiction. Doc. No. 8. The Court has reviewed the record and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the following reasons, the Court will **GRANT** Snowden's Motion to Dismiss.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On February 25, 2013, James Sidler filed a Petition for Peace Order against Greg Snowden in the District Court of Maryland for Prince George's County. Doc. No. 2. Sidler, a civilian-employee of the United States Air Force, alleged in his Petition that Snowden made threats of violence against him, harassed him, and threatened to shoot him. *Id*. Snowden, a civil-service employee, is Sidler's immediate supervisor in the Aircraft Maintenance Squadron ("459th AMXS"). Doc. No. 8-2. Sidler refers specifically to the following two incidents in his

1

petition: (1) on February 11, 2013 while in the "office area" discussing a police shooting, Snowden looked at Sidler while commenting that he would shoot an individual that tries to have him fired; and (2) a past incident where Snowden told Sidler that "these gates are saving your life" and "you are going to get yours." Doc. No. 2.

On February 26, 2013, the state court issued Sidler a Temporary Peace Order against Snowden. Doc. No. 3. The Temporary Peace Order specified, *inter alia*, that Snowden was to "have no contact with [Sidler] while at 459th ARW Andrews Air Force Base," Sidler and Snowden's place of work. *Id*. A final peace order hearing was scheduled for March 5, 2013. *Id*.

The case was removed to this court on March 1, 2013. Doc. No. 1. On March 19, 2013, Snowden filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction asserting that sovereign immunity bars the state court's issuance of a peace order because it purports to control the relationship between a federal supervisor and a federal employee while they are at work on a federal reservation. Doc. No. 8. Sidler did not file an opposition to the Motion to Dismiss, and the matter is ripe for the Court's resolution.[1]

## II. ANALYSIS

### A. Removal Under 28 U.S.C. § 1442

A civil action brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States . . . in an official or individual capacity, for or relating to any act under color of such office" may be removed to federal court. 28 U.S.C. § 1442(a)(1). For a federal officer to invoke § 1442, a he "must show that an action has been commenced against [him] in a state court, which is based on an act the federal officer

---

[1] Snowden's Motion was filed on March 19, 2013, and the Clerk mailed a letter to Plaintiff on March 21, 2013 notifying him that his case could be dismissed if he failed to file a timely written response with 17 days from the date of the letter. *See* Doc. No. 9.

2

performed while on duty at the officer's place of federal employment." *Lee v. Taylor*, No. 11-3212, 2012 WL 3264953, at 2 (D. Md. Aug. 9, 2012) (quoting *Bosaw v. Nat'l Treasury Emps. Union*, 887 F. Supp. 1199, 1206 (S.D. Ind. 1995)). The removing party must also "raise a colorable federal defense to the claims asserted against [him] . . . ." *Richards v. Wallace*, No. 09-2188, 2009 WL 4884524, at *2–3 (D. Md. Dec. 10, 2009) (citation omitted).

Snowden has a colorable defense of sovereign immunity in that his actions arose from his official duties at Andrews Air Force Base, a federal reservation. The threatening behavior referred to in the Petition for Peace Order was allegedly directed towards Sidler, Snowden's subordinate, while both were in their regular work environment. Doc. No. 2. Moreover, both Snowden and his supervisor, Kenneth A. Shumate ("Shumate"), aver in affidavits attached to the Motion to Dismiss that Snowden was acting within the scope of his employment as an employee of the United States. Doc. No. 8-2; Doc. No. 8-3. Sidler has not challenged these assertions or the propriety of removal. Thus, the Court concludes that removal was proper under § 1442(a)(1).

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated. Under this theory of derivative jurisdiction, "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none. . . ." *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007) (quoting *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922)). Snowden argues that the state court did not have jurisdiction under the doctrine of sovereign immunity.

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States,* 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). "It is well established that an action seeking

specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to governmental privilege of immunity." *Boron Oil Co. v. Downie,* 873 F.2d 67, 69 (4th Cir. 1989) (citing *Larson v. Dom. and Foreign Comm. Corp.*, 337 U.S. 682, 688 (1949)). The doctrine of sovereign immunity also prevents a plaintiff from seeking injunctive relief against a federal officer when "the officer is sued for acts within the scope of [his] official duties, and the acts are not alleged to be unconstitutional . . . ." *Richards,* 2009 WL 4884524, at *2-3 (quoting *Larson*, 337 U.S. at 695). Generally, an action against a federal official will be treated as an action against the United States if the judgment sought would "interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act." *Portsmouth Redev. & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)).

In this case, Sidler seeks relief against a federal officer acting within the scope of his delegated authority. Snowden avers that his comments were made "in the workplace during work hours in front of [his] subordinates." Doc. No. 8-2 at 1.[2] Additionally, Shumate, the superintendent of the 459th AMXS, avers that Snowden was "performing official Air Force duties when the events upon which the complaint is based occurred." Doc. No. 8-3. This Court has regarded similar suits involving federal employees seeking peace orders against their supervisors as 1) properly removed and 2) barred by sovereign immunity. See *Richards*, 2009 WL 4884524 (dismissing peace order against Social Security Administration supervisor); *Murree v. Smith*, Case No. 11-959, Docket No. 15 (D. Md., June 3, 2011) (dismissing peace order against Navy employee). It is evident that the state's issuance of the peace order interferes

---

[2] On a motion to dismiss challenging subject matter jurisdiction under Rule 12(b)(1), the Court may consider evidence outside the pleadings without converting the proceeding into one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

with the administration of a federal base by restricting the duties of a federal employee in his supervisory capacity. Because there are no material jurisdictional facts in dispute, Defendant is entitled to prevail as a matter of law, and the Court will grant his Rule 12(b)(1) Motion. *See Evans*, 166 F.3d at 647.

## III.	CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant-Respondent Greg Snowden's Motion to Dismiss. A separate Order follows.


___April 23, 2013___                                              /s/
      Date                                                       Alexander Williams, Jr.
                                                                  United States District Judge